IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. ELH-20-0461 |
| TRACY MATTHEWS, | |
| *Defendant*. | |

## MEMORANDUM

In an Indictment filed on December 17, 2020 (ECF 1), defendant Tracy Matthews was charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Two). Forfeiture was requested under 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) (Count Three). *Id.*

Pursuant to a Plea Agreement (ECF 27), defendant entered a plea of guilty to Count One on August 31, 2022. ECF 26. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of 84 months of imprisonment. ECF 27, ¶¶ 7, 8. On November 21, 2022, the Court sentenced defendant to 84 months of incarceration, with credit for time served dating to February 28, 2020. ECF 35.

Defendant, who is now self-represented, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 38 (the "Motion"). In the Motion, defendant contends that he is entitled to a "two level reduction" in his criminal history score, pursuant to Amendment 821, because he received a "two point enhancement for being on probation or parole while committing [the] instant offense." *Id.*

1

The government opposes the Motion. ECF 47 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 because of his status as a Career Offender, pursuant to U.S.S.G. § 4B1.1(b). ECF 47 at 2; *see* ECF 30 (Presentence Report) ("PSR"), ¶¶ 21, 38. As a Career Offender, defendant has a criminal history category of VI. *See* ECF 30, ¶ 40.

In the Motion, defendant has requested the appointment of counsel. ECF 38. The Office of the Federal Public Defender ("FPD") has provided notice to the Court that it does not intend to supplement the Motion. ECF 40. Defendant has not replied. I see no grounds for appointment of counsel, as the issue is not complicated and defendant has ably asserted his argument.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.    Factual and Procedural History

The Plea Agreement (ECF 27) contains a detailed stipulation of facts. *Id.* at 10. The stipulation established that defendant was a known drug dealer and the Dorchester County Narcotics Task Force began investigating him "in late 2019/early 2020." *Id.* On February 28, 2020, the Task Force "executed search and seizure warrants" of residences and a vehicle of defendant Matthews. *Id.*

During a search of one of defendant's residences, officers "seized cocaine (packaged in 12 individual baggies); a Glock, Model 22, .40 caliber handgun . . . with an extended magazine loaded with 13 rounds of .40 caliber ammunition; 26 rounds of .45 caliber ammunition; cellular phones; and digital scales covered with cocaine residue." *Id.* A search of defendant's vehicle "yielded cocaine (packaged in individual baggies); three oxycodone pills; a Suboxone strip; and cellular phones. The total weight of the seized cocaine was less than 50 grams." *Id.*

Defendant is presently incarcerated at Residential Reentry Management Baltimore https://www.bop.gov/inmateloc/ (search by BOP Register Number 43448-509). He has a projected release date of April 19, 2025. *Id.*

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable. *Id.*; *see United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November

3

1, 2023. *Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821.

Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). Part A, which is pertinent here, pertains to criminal history and so called "status points." *Id.* Previously, two points were added to a defendant's offense level if the defendant committed the underlying offense while on parole, probation, or supervised release. But, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). Notably, the amendment eliminated any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a):

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

4

>    **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

### III. Discussion

Defendant argues that he is entitled to a sentence reduction because he "received a two point enhancement for being on probation or parole while committing [the] instant offense." ECF 38 at 1. Defendant is correct that two points were initially added to his criminal history score, under U.S.S.G. § 4A1.1(d). *See* ECF 30, ¶ 38. This was because, at the time of the underlying offense, defendant was on probation for the State offenses referenced in ECF 30, ¶¶ 33, 34, 35. This increased his initial criminal history score from six points to eight points. *Id.* ¶ 37, 39.[1] Six points yields a criminal history category of III. Eight points results in a criminal history category of IV. *Id.* ¶ 39.[2]

However, the criminal history points ultimately played no role in the determination of defendant's criminal history category. As the PSR indicates, ECF 30, ¶¶ 21, 40, defendant qualified as a career offender under U.S.S.G. § 4B1.1(b). Indeed, the PSR reflects that he has three prior felony drug convictions. ECF 30, ¶¶ 31, 33, 34.

A person qualifies as a career offender when, as here, the instant offense of conviction is a "controlled substance offense" or a "crime of violence," as defined in U.S.S.G. § 4B1.2(a) and (b). And, the defendant must have committed the instant offense when he was at least 18 years of age.

---

[1] Several of defendant's prior offenses did not score points. *See* ECF 30, ¶¶ 29, 30, 31, 32, 35, 36.

[2] The government erroneously asserts that, under current law, defendant would receive one status point, resulting in a criminal history score of seven points. ECF 47 at 3 n.1. According to the government, this means defendant's criminal history score of IV would remain unchanged. But, because the defendant only had six points in the first place, he would not be subject to the additional status point. *See* U.S.S.G. § 4A1.1(e).

In addition, he must have two prior and distinct felony convictions, for either a crime of violence or a felony controlled substance offense. U.S.S.G. § 4B1.1(a); *see also* § 4B1.2(c). Defendant met the criteria.

Because defendant is a career offender, he is automatically assigned a criminal history category of VI. Thus, his actual criminal history points are of no moment. His offense level and criminal history category are determined by his career offender status. *See* U.S.S.G. § 4B1.1(b); *United States v. Smith*, 19-312-MOC-DCK, 2024 WL 253659, at *2 (W.D.N.C. Jan. 23, 2024); *see also United States v. Gilliam*, JKB-20-0269, 2024 WL 3965589, at *1 (Aug. 28, 2024); *United States v. Williams*, 20-91-01, 2024 WL 947841, at *2 (S.D.W.Va. Mar. 5, 2024).

Put simply, the status points are irrelevant in this case, given defendant's career offender status. And, it follows that he is ineligible for a sentence reduction on this basis.[3]

Moreover, § 3582(c)(2) of 18 U.S.C. permits a court to modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . . ." (Emphasis added). But, defendant was not sentenced based on a sentencing range that was "subsequently" lowered. *Id.*

### III. Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 38). An Order follows, consistent with this Memorandum.

Date: January 17, 2025

                                                                                         /s/
                                                                     Ellen Lipton Hollander
                                                                     United States District Judge

---

[3] Because of defendant's career offender status, his offense level increased from 14 to 32, before three deductions for acceptance of responsibility. ECF 30, ¶¶ 20, 21, 22, 23, 24.